UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JEREMIAH SULLIVAN, in his fiduciary capacity
as a Trustee of the POINTERS, CLEANERS &
CAULKERS WELFARE PENSION & ANNUITY
FUNDS, the BRICKLAYERS JOINT
APPRENTICE TRAINING FUND, the LABOR
MANAGEMENT RELATIONS FUND, and the
PROMOTION FUND and as president of the
BRICKLAYERS AND ALLIED
CRAFTWORKERS LOCAL UNION NO. 1
B.A.C.I.U., AFL-CIO, and the TRUSTEES of the
BRICKLAYERS AND TROWEL TRADE
INTERNATIONAL PENSION FUND and the
INTERNATIONAL MASONARY INSTITUTE,

       Plaintiffs,

 -against-

UNITED CONSTRUCTION FIELD, INC.,
SHAMAS MIAN, and JOHN and/or JANE DOE
FIDUCIARY,

       Defendants.
----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2015 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER

12-CV-682 (ENV) (VVP)

VITALIANO, D.J.

  Plaintiffs, Jeremiah Sullivan, president of the Bricklayers and Allied Craftworkers Local Union No.1 and the trustees of various union welfare and pension funds (collectively, "the trustees"), commenced this action against

defendants United Construction Field, Inc. ("United"), and its principal, Shamas Mian, alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), and breach of the collective bargaining agreement ("CBA") based upon their failure to meet employer contribution and payment obligations to those funds. The Court previously granted plaintiffs' motion for a default judgment against defendants, and referred the matter to Magistrate Judge Viktor V. Pohorelsky for an inquest on damages.

On March 24, 2015, Magistrate Judge Pohorelsky rendered his a Revised Report and Recommendation on damages. Plaintiffs filed a timely objection solely directed to that part of the Revised R&R which recommends that defendant Mian not be held individually liable as a fiduciary for unpaid contributions. No objection, much less a timely one, was taken by any party as to the balance of Judge Pohorelsky's recommendation.

After applying the requisite standards of review, the Court adopts Magistrate Judge Pohorelsky's Revised R&R as it pertains to the damages it assesses against United, but finds, contrary to Judge Pohorelsky's recommendation, that Mian is also individually liable as an ERISA fiduciary.

## Background

On February 10, 2012, the trustees and their affiliate union commenced this action against United and Mian alleging violations of the 2008 CBA. (Compl., Dkt. No. 1, ¶¶ 4-20). According to the complaint, beginning in 2009, defendants violated ERISA by failing to make the previously agreed upon benefit contributions to the respective welfare benefit and pension funds as required by the CBA. (Id. ¶¶ 83-88). The union also pleaded a breach of contract claim against United for failing to remit union dues pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) as well as a state law conversion claim against Mian. (Id. ¶¶ 103-11)

On February 20, 2014, because of their failure to appear or otherwise respond to the complaint, the Court granted default judgment against both defendants. (Mem. & Order, Feb. 20, 2014, Dkt. No. 19). The matter was then referred to Magistrate Judge Pohorelsky to conduct an inquest on damages and to make a report and recommendation regarding his findings. (Id.). On March 16, 2015, Judge Pohorelsky issued an R&R, including a recommendation that damages be assessed against Mian individually as a fiduciary of the covered funds. (Report & Recommendation, Mar. 11, 2015, Dkt. No. 22 ("First R&R"). A week later, on March 23, 2015, and on his own motion, Judge Pohorelsky vacated the First R&R, and, the following day, issued the Revised R&R which reversed his recommendation that Mian be

held individually liable for the unpaid fund contributions. (Dkt. No. 25). Lastly, Magistrate Judge Pohorelsky recommended that this Court enter an injunction ordering defendants to submit to an audit by the union covering the period from September 1, 2009 to June 30, 2012. (Id. at 27).

In his Revised R&R, Judge Pohorelsky gave due notice of the time within which any objection to his recommendation must be filed. Other than the trustees' objection, timely filed on April 7, 2015, which was taken as to the recommendation that Mian should not be held individual liable as a fiduciary for unpaid benefit contributions, no objections were filed.

## Standard of Review

In reviewing the report and recommendation of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Moreover, in conducting its review, the district "court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation, provided no timely objection has been made. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). But, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). That heightened level of scrutiny applies only to that part of the Revised R&R for which plaintiffs have objected. The clearly erroneous standard applies to the balance of it.

## Discussion

The Court has reviewed both Judge Pohorelsky's First and Revised R&Rs, and fined them to be characteristically comprehensive and well-reasoned. Because the Court finds the unobjected-to portions of Magistrate Judge Pohorelsky's Revised R&R to be correct and free of clear error, the Court adopts those portions in their entirety, and incorporates them by reference in the opinion of the Court. Upon *de novo* review of the portion of the Revised R&R to which plaintiffs object, the Court concludes that Mian is also individually liable as a fiduciary for the unpaid benefit fund contributions owed by United.

Stepping back for a moment, it is important to recall that in order to establish that an individual defendant is liable as a fiduciary for unpaid contributions to an ERISA fund, a plaintiff must demonstrate that: (1) the unpaid contributions were plan assets; and (2) the defendant exercised a level of control over those assets sufficient to make him or her a fiduciary. *In re Halpin*, 566 F.3d at 289. But, in that case, the Second Circuit held that, as a

general rule, unpaid employer contributions only become "plan assets" for ERISA purposes "after being paid" to the fund. *Id.* at 290. Absent that occurring, such obligations to make contributions are merely ordinary debts, and not assets of the plan. *Id.* However, *In re Halpin* makes it equally clear that the parties creating the fund are free to enter into a contract that provides otherwise. *Id.* at 287. ("*In the absence of provisions to the contrary in the relevant plan documents*, unpaid contributions are not assets of the plan.") (emphasis added); *see also Sheet Metal Workers' Nat. Pension Fund v. AUL Sheet Metal Works Inc.*, No. 10 Civ. 1371 (KBF), 2012 WL 32237, at *4 (S.D.N.Y. Jan 5. 2012) (noting that "the Second Circuit is clear" that its general rule regarding unpaid contributions "only apply in absence of a specific control provision to the contrary.").

> The Welfare Fund Trust Agreement at issue here states:
>
> All contributions required from an Employer shall, after their due date and until their payment over in full by the Employer to the Trust fund, be deemed to constitute a trust fund in the possession of such Employer; and said Employer shall be responsible and liable therefore as a fiduciary.

(Agreement and Declaration of Trust, Pointers, Cleaners & Caulkers Union Local No. 66 Welfare Fund, art III, § 3 ("trust agreement") Compl. ¶ 68, Ex. D, at 6). This clear language is sufficient to create an exception to the rule of *In re Halpin*, and renders the unpaid contributions at issue here "plan assets."

6

Yet, the inquiry does not end here. Even if the unpaid contributions are "plan assets," the complementary question is whether Mian is an employer.

ERISA defines an "employer" as: "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). Since the trust agreement established a benefit fund governed by ERISA, this definition of employer controls. The allegations in the complaint amply support the conclusion that Mian meets this definition. According to the well-pleaded allegations in the complaint, which are accepted as true, Mian is an officer of United and a party and signatory to the 2008 CBA with the union. (Compl. ¶ 13, 20 – 22). Mian had control over report submissions and payment of contributions to the funds. (Id. ¶¶ 65 – 66, 74). Further, he also wrote checks on United's behalf and managed the disposition of United's assets. (Id. at ¶¶ 71 – 72, 76 – 78). Notably, the complaint alleges that Mian was responsible for diverting the assets at issue away from the benefit funds and, instead, made payments to other entities and individuals. (Id. at ¶¶ 69 – 72). Lastly, as an officer of United, Mian's role as a signatory of the CBA "provides solid proof of his substantial role" in United's affairs. (First R&R at 10). Simply put, Mian acted indirectly in United's interest in relation to the trust agreement and United's obligations under it. As a consequence, Mian is an "employer" as

7

defined by ERISA, and is therefore individually liable as a fiduciary for the unpaid fund contributions.

## Conclusion

In line with the foregoing reasoning, the Court adopts Magistrate Judge Pohorelsky's Revised R&R as it sets forth United's liability for ERISA violations and assesses damages against United for those violations, but, rejecting Judge Pohorelsky's recommendation on this point, finds that Mian is also individually liable as a fiduciary for unpaid employer contributions to the funds under ERISA. The Court also adopts the Revised R&R's recommendations assessing damages regarding the union's breach of contract and conversion claims against United and Mian.

Plaintiffs, as a result, are awarded judgment against United and Mian jointly and severally as follows: $15, 219.76; interest on the unpaid contributions in the amount of $5677.42 through March 15, 2015, plus $3.24 per day thereafter to the date judgment is entered; liquidated damages for the unpaid contributions in the amount of $3043.94; unpaid dues and assessments in the amount of $1712.72; interest on the unpaid dues and assessments in the amount of $667.09 through March 15, 2015, plus $.042 per day thereafter to the date judgment is entered; and attorney's fees and costs in the amount of $10,644.90. Further, the Court orders an injunction commanding defendants

to submit to an audit of United for the period beginning September 1, 2009 and ending June 30, 2012.

The Clerk of Court is directed to enter judgment accordingly, and to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
June 19, 2015

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge